# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN STANTON, | |
| Plaintiff(s), | Case No. 2:13-cv-01049-APG-NJK |
| vs. | REPORT AND RECOMMENDATION |
| HORACE MANN PROPERTY & CASUALTY INSURANCE COMPANY, | (Docket Nos. 18, 20) |
| Defendant(s). | |

Pending before the Court is Defendant's motion to strike Plaintiff's jury demand. Docket No. 18. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 19, 21. Also before the Court is Plaintiff's counter-motion for a jury trial. Docket No. 20. Defendant filed a response in opposition and Plaintiff filed a reply. Docket No. 22, 25. The Court finds these motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the Court RECOMMENDS that Defendant's motion to strike be GRANTED and Plaintiff's cross-motion for a jury trial be DENIED.

Under Rule 38(d),[1] a party waives his right to a jury by failing to properly serve and file a demand for one. *E.g.*, *Kletzelman v. Capistrano Unified School Dist.*, 91 F.3d 68, 71 (9th Cir. 1996). The written jury demand must be served "no later than 14 days after the last pleading

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

directed to the issue is served." Rule 38(b)(1). In cases of removal where the defendant did not answer in state court prior to removal, that 14-day period begins to run after the plaintiff is served with the answer. *See Foley v. Wells Fargo Bank, N.A.*, 2012 WL 4052022, *6 (D. Nev. Sept. 13, 2012) (citing *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063 (9th Cir. 2005)). In this case, Plaintiff did not request a jury in her state court filings and did not do so in this Court within 14 days of service of Defendant's answer. *Compare* Docket No. 12 (notice of electronic filing, showing answer filed and served electronically on July 3, 2013) *with* Docket No. 17 (notice of electronic service, showing jury demand filed and served electronically on August 1, 2013). As such, Plaintiff's jury demand was untimely.

Plaintiff argues that the Court nonetheless retains "broad" and "complete" discretion to allow a jury trial pursuant to Rule 39(b). *See* Docket No. 19 at 4, 6 (citing out-of-circuit authority from 1976 and earlier).[2] Plaintiff's contention, however, is contrary to numerous Ninth Circuit opinions, which make clear that the Court's discretion in this regard is "narrow." *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002). In particular, the Ninth Circuit has held repeatedly that Rule 39(b) "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *See, e.g.*, *Pacific Fisheries Corp. v. HIH Casualty & General Ins. Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (quoting *Lewis v. Time Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983)). "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pacific Fisheries*, 239 F.3d at 1002 (collecting cases); *see also Lutz*, 403 F.3d at 1065 n.4 (noting that a district court abuses its discretion by ordering a jury trial under Rule 39(b) where no explanation other than inadvertence is shown).[3] Here Plaintiff has

---

[2] Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

[3] Plaintiff also points to the lack of prejudice to Defendant that would flow from granting his request for a jury trial. *See, e.g.*, Docket No. 19 at 4-5. In light of the above Ninth Circuit authority, "[p]rejudice to the Defendant, however, is not the proper standard." *Nascimento v. Wells Fargo Bank*, 2011 WL 4500410, *2 (D. Nev. Sept. 27, 2011) (rejecting similar arguments as presented here); *see also Brashear v. Nat'l Mut. Ins. Co.*, 2012 WL 7215086, *1-2 (D. Nev. Dec. 14, 2012) (same), *adopted*, 2013 WL 685198 (D. Nev. Feb. 25, 2013).

1 made no such showing and the Court finds that Plaintiff's request for a jury trial pursuant to Rule
2 39(b) should be denied.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

- The Court RECOMMENDS that Defendant's motion to strike Plaintiff's jury demand (Docket No. 18) be GRANTED.
- The Court further RECOMMENDS that Plaintiff's counter-motion for a jury trial (Docket No. 20) be DENIED.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: September 24, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge